```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORY WASHINGTON,

                Petitioner,            MEMORANDUM & ORDER
                                       04-CV-4669(JS)
        -against-

JOHN W. BURGE, SUPERINTENDENT,
AUBURN CORRECTIONAL FACILITY,

                Respondent.
----------------------------------X
APPEARANCES:
Petitioner:        Gregory Washington, Pro Se
                   No. 98A4501
                   Auburn Correctional Facility
                   135 State Street
                   Auburn, NY 13024

For Respondent:    Guy Arcidiacano, Esq.
                   District Attorney of Suffolk County
                   Criminal Courts Building
                   200 Center Drive
                   Riverhead, New York 11901
```

SEYBERT, District Judge:

Petitioner, Gregory Washington ("Washington" or "Petitioner"), petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Petition is DENIED.

## BACKGROUND

Washington attacks a conviction entered against him in the Supreme Court of the State of New York, Suffolk County, on June 10, 1998.

The underlying crime occurred at 33 Beech Street in Central Islip, Suffolk County, New York sometime between March 25th and March 27th, 1989. Petitioner shot and murdered Joanne Johnson

and her two sons, Octavin Toney and Lavar Toney.  On March 27, 1989, Suffolk County police detectives investigating the homicide learned that Petitioner shared a residence with Joanne Johnson. The detectives also discovered that Petitioner had recently violated his parole, and that a parole warrant was issued for his arrest.  The detectives contacted the District Attorney's Office, and spoke with Homicide Bureau Chief Edward Jablonski ("Chief Jablonski").  Chief Jablonski informed the detectives that harassment and assault charges had been filed against Petitioner because he had recently threatened Joanne Johnson, but the charges had been dismissed.  Chief Jablonski further stated that an attorney from the Legal Aid Society ("Legal Aid") stated that he was representing Petitioner on the pending homicide case, for which Petitioner had not yet been charged.

On March 29, 1989, the detectives discovered that Petitioner was in custody pursuant to the parole warrant.  The detectives visited Petitioner in custody and informed Petitioner of his Miranda rights; Petitioner stated that he understood his rights and was not currently represented by an attorney.

In light of the fact that the Legal Aid Society had stated a day earlier that they represented Petitioner, the Detectives called Legal Aid to determine whether Petitioner was represented by counsel.  Ralph Costello, an attorney with Legal Aid, stated that Legal Aid was not currently representing

2

Petitioner because the prior charges for which they had represented him were dismissed and new charges had not yet been filed. Petitioner spoke with Costello as well, and again informed the detectives that he was not represented by counsel, and stated that he would talk to the detectives on his own accord.

Petitioner was transported to the police department in Yaphank, New York. While in the police vehicle, Petitioner made a number of comments to the detectives, and engaged in a more thorough conversation while at the police station. After again being advised of his constitutional rights, Petitioner memorialized his statements in writing.

Washington was convicted of three counts of Murder in the Second Degree in violation of New York Penal Law § 125.25(1) and one count of Murder in the Second Degree in violation of New York Penal Law § 125.25(3) (Felony Murder). Petitioner was sentenced to consecutive terms of imprisonment of twenty-five years to life on the three intentional murder counts and an additional concurrent term of twenty-five years to life on the felony murder count.

Washington appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department. On appeal, Washington argued three claims of error. First, Washington claimed that the jury's finding of felony murder was not supported by the evidence because the People had failed to prove that Washington had committed the underlying felony. Second,

Washington argued that the People failed to prove his guilt beyond a reasonable doubt. Finally, Washington claimed that his sentence was excessive and should be modified.

On May 5, 2003, the Appellate Division for the Second Department affirmed Washington's conviction. See People v. Washington, 305 A.D. 2d 433, 758 N.Y.S.2d 751 (App. Div. 2d Dep't 2003). The court held that Washington's sentence was not excessive, and found that the evidence at trial was "legally sufficient to establish the defendant's guilt beyond a reasonable doubt . . . [and] to support the defendant's conviction of felony murder predicated upon the rape of one of the three victims." Id. at 434. The New York State Court of Appeals denied Washington's application for leave to appeal. See People v. Washington, 100 N.Y.2d 588, 796 N.E.2d 491, 764 N.Y.S.2d 399 (2003).

On April 7, 2004, Petitioner filed a motion for a Writ of Error Coram Nobis in the Appellate Division, Second Department. The Appellate Division denied Petitioner's application on July 6, 2004. See People v. Washington, 9 A.D.3d 377, 778 N.Y.S.2d 922 (App. Div. 2d Dep't 2004). On October 27, 2004, Washington filed a Petition for a Writ of Habeas Corpus in this Court. Petitioner raises only one issue in his Petition; he argues that he was denied effective appellate counsel.

DISCUSSION

I.  Federal Habeas Review of State Convictions

Section 2254 provides that a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (quoting Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002)).  A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially distinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (quoting Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).  A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the

5

governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry, 532 U.S. at 792 (quoting Williams, 529 U.S. at 407-08). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

II. <u>Petitioner's Claim of Ineffective Assistance of Appellate Counsel</u>

In order to prevail on a claim of ineffective assistance of counsel, Petitioner "must show both that his counsel acted 'outside the wide range of professionally competent assistance,' and that the deficiencies is his counsel's performance were prejudicial to his defense." Jameson v. Coughlin, No. 93-CV-2525, 1994 WL 131185, at *2 (2d Cir. 1994) (quoting Strickland v. Washington, 466 U.S. 668, 690, 691-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). This two-prong standard of review applies not only to a criminal defendant's trial counsel, but also to his appellate counsel on direct appeal. See Evitts v. Lucey, 469 U.S. 387, 396, 105 S. Ct. 830, 836, 83 L. Ed. 2d 821 (1985); Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990).

In evaluating whether an attorney's representation has fallen "below an objective standard of reasonableness," Strickland,

466 U.S. at 688, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Counsel has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." Id. at 691. In evaluating the reasonableness of counsel's decisions, however, "a heavy measure of deference [is accorded] to counsel's judgments." Id. In addition, "there is no constitutional right 'to have appellate counsel raise every nonfrivolous issue that the defendant requests.'" Jameson, 1994 WL 131185, at *3 (quoting Jones v. Barnes, 463 U.S. 745, 754 n.7, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)).

The second prong of the Strickland test requires that any deficiencies in counsel's performance be prejudicial to the defense. See Strickland, 466 U.S. at 692. While a finding of prejudice is not dependent upon a showing "that counsel's deficient conduct more likely than not altered the outcome in the case," id. at 693, the claimant nevertheless must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

It is well established that counsel need not raise every nonfrivolous issue on appeal simply because a client suggests it "if counsel, as a matter of professional judgment, decides not to

7

present those points." Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1982). See also Abdurrahman, 897 F.2d at 74. Further, there is a strong presumption that counsel used reasonable professional judgment and conducted himself accordingly. See Clark v. Stinson, 214 F.3d 315, 321 (2d Cir. 2000) (quoting Strickland, 466 U.S. at 689). Thus, to show that counsel's performance fell below the applicable standard and was deficient for failure to raise an argument on appeal, a petitioner would have to show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Clark, 214 F.3d at 322.

Petitioner argues that his appellate counsel was ineffective because he failed to argue the admissibility of Petitioner's statement during his initial police questioning. Petitioner made this same argument to the Appellate Division in his motion for a Writ of Error Coram Nobis. The Court finds that the Appellate Divisions' rejection of Petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Federal law. It is clear to the Court that appellate counsel was not ineffective.

The trial court held a hearing on the admissibility of Petitioner's statements, and found that Petitioner's statements were admissible. The Court agrees. Petitioner was informed of rights on more than one occasion, stated he understood them, and

still agreed to be questioned.  Moreover, Petitioner stated several times that he was not represented by counsel.

The fact that an attorney from Legal Aid stated earlier that Legal Aid represented Petitioner does not change the Court's finding that Petitioner was not represented by counsel at the time of the questioning.  At the outset, the decision to retain counsel rests with the defendant, and here Petitioner clearly stated that he was not represented by counsel.  "[T]he police were not required to inquire whether [Petitioner] was represented by counsel, contrary to his assertion." Blagrove v. Mantello, No. 95-CV-2821, 1996 U.S. App. LEXIS 24930, at *6 (2d Cir. Sept. 24, 1996)  The Court knows of "no rule requiring the acceptance of an attorney's assertion of representation over a defendant's disavowal of such representation." People v. Wilson, 219 A.D.2d 164, 173 (N.Y. App. Div. 2d Dep't 1996).  Additionally, the "Sixth Amendment right [to counsel] . . . is offense specific.  It cannot be invoked once for all future prosecutions. Tex. v. Cobb, 532 U.S. 162, 167, 121 S. Ct. 1335; 149 L. Ed. 2d 321 (2001). The Legal Aid's representation of Petitioner on an earlier matter does not automatically apply to all future prosecutions.

The Court finds that the trial court properly admitted Petitioner's statements, and thus finds that appellate counsel's failure to raise this argument on appeal did not deprive Petitioner of his constitutional right to effective counsel.  Failing to raise

9

an issue on appeal, which in counsel's best judgment need not have been argued, is not enough to establish that counsel was ineffective.  See Jones, 463 U.S. at 751-53.  "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . .  Nothing in the Constitution . . . requires such a standard."  Id. at 754.  Petitioner's appellate counsel did not omit significant and obvious issues.  The Court thus finds that Washington's Petition fails to establish that his counsel was ineffective.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety.  The Court will not issue a certificate of appealability.  The Clerk of the Court is directed to mark this matter as CLOSED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         June  3 , 2009